Opinion filed July 16, 2015



In The

# Eleventh Court of Appeals

_____

## Nos. 11-15-00022-CR & 11-15-00023-CR

_____

## EDDIE SANDOVAL SOTO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 91st District Court**
**Eastland County, Texas**
**Trial Court Cause Nos. 23382 & 23434**

### M E M O R A N D U M   O P I N I O N

Appellant, Eddie Sandoval Soto, entered an open plea of guilty to the charged offenses of possession of less than one gram of cocaine and bail jumping/failure to appear. The trial court convicted Appellant of both offenses. For the possession conviction, the trial court assessed Appellant's punishment at confinement for two years in a state jail facility and, for the conviction for bail jumping and failing to appear, the trial court assessed Appellant's punishment,

upon his plea of true to the felony enhancement allegation, at confinement for sixteen years. We dismiss the appeals.

Appellant's court-appointed counsel has filed a motion to withdraw in both appeals. Each motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the briefs, the motions to withdraw, and a motion for pro se access to the records and has advised Appellant of his right to review the records and file a response to counsel's briefs. Appellant filed in each case the motion for pro se access that counsel sent him. This court granted the motions, and the records were sent to Appellant more than thirty days ago. Appellant has not filed a pro se response.

Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). In addressing an *Anders* brief and pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the records, and we agree that the appeals are without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motions to withdraw are granted, and the appeals are dismissed.

PER CURIAM

July 16, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and McCall.[1]

Bailey, J., not participating.

---

[1]Terry McCall, Retired Justice, Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.